**LAMONICA HERBST & MANISCALCO, LLP**                   Presentment Date: July 21, 2025 at 10:00 a.m.
*General Counsel to the Chapter 7 Trustee*                   Objection Deadline: July 14, 2025 at 5:00 p.m.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

                                                              Chapter 7
NOGIN COMMERCE, LLC,                                          Case No.: 25-10810 (MG)

                              Debtor.
-------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF THE CHAPTER 7 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER APPROVING THE RETENTION OF RK CONSULTANTS LLC AS FINANCIAL ADVISORS TO THE CHAPTER 7 TRUSTEE

**PLEASE TAKE NOTICE** that Gregory M. Messer, Esq., solely in his capacity as the

interim Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Nogin Commerce, LLC,

("Debtor"), by his proposed counsel, will present the annexed proposed Order, Application, and

Declaration (collectively, "Application")[1], seeking entry of an Order, pursuant to Bankruptcy Code

section 327(a) and Bankruptcy Rule 2014, approving the retention of  RK Consultants LLC

("RKC"), as Financial Advisors to the Trustee as of the Retention Date of June 20, 2025, for

signature and approval to the Honorable Martin Glenn, Chief United States Bankruptcy Judge,

Southern District of New York, in his Chambers at the United States Bankruptcy Court ("Court"),

One Bowling Green, New York, New York 10004-1408 on **July 21, 2025 at 10:00 a.m.**

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the

Application must be in writing, conform with the Bankruptcy Code and Bankruptcy Rules, state

with particularity the grounds therefor and be filed with the Court no later than **July 14, 2025 at**

---

[1] Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Application.

1

**5:00 p.m.** ("Objection Deadline") as follows: (i) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a portable drive in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. Two (2) single sided courtesy copies of any filed objection should simultaneously be sent to the Honorable Martin Glenn, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 523, New York, New York 10004-1408.

PLEASE TAKE FURTHER NOTICE that, if an objection to the Application is not filed by the Objection Deadline, the relief requested shall be deemed unopposed, and the Court may enter the Order substantially in the form annexed to the Application.

**PLEASE TAKE FURTHER NOTICE, that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the movant.**

Dated: June 25, 2025
      Wantagh, New York

                       **LAMONICA HERBST & MANISCALCO, LLP**
                       Proposed Counsel to the Chapter 7 Trustee

          By:    *s/ Jacqulyn S. Loftin*
                  Jacqulyn S. Loftin, Esq.
                  Partner
                  3305 Jerusalem Avenue, Suite 201
                  Wantagh, New York 11793
                  Telephone: 516.826.6500

**LAMONICA HERBST & MANISCALCO, LLP**
*Proposed General Counsel to the Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| NOGIN COMMERCE, LLC, | Case No. 25-10810 (MG) |
| Debtor. | |

------------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER APPROVING
THE RETENTION OF RK CONSULTANTS LLC AS FINANCIAL ADVISORS
TO THE CHAPTER TRUSTEE**

**TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Gregory M. Messer, solely in his capacity as the interim Chapter 7 Trustee ("Trustee") of

the bankruptcy estate of Nogin Commerce, LLC ('Debtor"), by his general counsel, LaMonica

Herbst & Maniscalco, LLP, submits this application ("Application") seeking the entry of an Order,

pursuant to 11 U.S.C. § 327(a) ("Bankruptcy Code") and Rule 2014 of the Federal Rules of

Bankruptcy Procedure ("Bankruptcy Rules"), approving the retention of RK Consultants LLC

("RKC") as his Financial Advisors effective as of retention date of June 20, 2025 ("Retention

Date"), and respectfully represents and alleges:

**PROCEDURAL BACKGROUND**

1.      On April 24, 2025 ("Filing Date"), an involuntary petition ("Petition") was filed

against the Debtor, seeking relief under Chapter 7 of the Bankruptcy Code in the United States

Bankruptcy Court for the Southern District of New York ("Court").

2.      By Order dated June 13, 2025, the Court entered an Order for Relief and directed the Debtor to file all required documents under the Bankruptcy Rules and Local Rules of Bankruptcy Procedure, including a creditor matrix (Local Rule 1007-1) within 14 days and proposed case conference order (Local Rule 1007-2) with 30 days. See ECF No. 26.

3.      Gregory M. Messer was appointed as the interim Chapter 7 Trustee of the Debtor's bankruptcy estate and is currently acting in that capacity.  See ECF No. 28.

4.      The meeting of creditors, pursuant to Bankruptcy Code section 341, is scheduled for July 11, 2025.

5.      The last day to file claims against the Debtor's estate is September 22, 2025. See ECF No. 30.

## FACTUAL BACKGOUND

6.      Prior to the bankruptcy filing, the Debtor operated an e-commerce and technology platform enabling business-to consumer and business-to-business commerce for companies in the apparel, accessories, and related industries. Upon information and belief, good suppliers provided the Debtor merchandise to sell on Debtor's online sales platforms. Upon information and belief, title and ownership of the merchandise remained in the supplier's name until a moment before the goods were shipped to the consumer.

7.      The Debtor was responsible for marketing, shipping, credit card processing, and collecting payment for goods sold through its platform on behalf of its suppliers. The Debtor would receive a fee from each transaction and the balance of the sale price would be remitted to the supplier monthly.  The Debtor ceased operations on March 16, 2025.

## **RELIEF REQUESTED**

8.      The Trustee seeks the assistance of RKC to investigate the Debtor's books and records for other potential assets. Specifically, the Trustee is seeking assistance from RKC to investigate the Debtor's financial affairs, including its books and records for potential chapter 5 claims.  RKC will also do an analysis as to the Debtor's pre-petition transactional history between the suppliers, the Debtor and the consumers to understand the flow of funds.

9.      Moreover, the Trustee seeks to employ RKC as his accountants in this case effective as of the Retention Date of June 20, 2025, to prepare the required State, Federal and local tax returns required to be filed by the estate, and to assist with the services set forth herein.

10.     Therefore, the Trustee concluded that the interests of the Debtor's estate and its creditors would be best served by the employment of an accountant to, among other things, provide accounting advice and services to the Trustee in connection with an investigation into the Debtor's financial and business affairs.

11.     Accordingly, and subject to further Order of this Court, RKC will render the following services to the Trustee and the Debtor's estate:

   a.   assisting the Trustee in marshaling and liquidating the Debtors' assets;

   b.   performing an investigation and analyses of potential claims and recoveries, including analyzing transactions with creditors, insiders, and related and/or affiliated companies, both subsequent and prior to the Debtor's commencement of his bankruptcy case;

   c.   attending meetings and conferences with the Chapter 7 Trustee, Debtor, creditors, and their respective attorneys and/or other professionals, as requested;

   d.   providing litigation support to the Chapter 7 Trustee in connection with litigation that might be commenced by the Chapter 7 Trustee, including litigation to avoid and recover assets of the estate or pursue claims, or other litigation in which the Chapter 7 Trustee is involved;

   e.   assisting in reconciling filed proofs of claim and scheduled claims against the Debtor's estate, as requested by the Chapter 7 Trustee;

3

    f.   performing services necessary to preserve and maximize the value of the assets of the Debtor's estate or to comply with applicable rules, as requested by the Chapter 7 Trustee; and

    g.   performing such other responsibilities as may be requested by the Chapter 7 Trustee.

12.    The Trustee seeks to retain RKC on an hourly basis. As set forth in the annexed declaration of Brian Ryniker ("Declaration"), RKC's current hourly rates are as follows: (a) Brian Ryniker is five hundred dollars ($500.00) per hour, Mr. Karl Knechtel is four hundred and fifty dollars ($450.00) per hour, and Patrick Carew (PJC Consulting LLC) is four hundred dollars ($400.00) per hour. Travel time will be billed at fifty percent (50%) of the applicable hourly rate. The Trustee has been advised that RKC hourly rates will be increasing on August 1, 2025, as noted in the Declaration.

13.    As set forth in the Declaration, RKC will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules for the Southern District of New York, and Orders of the Court.

14.    As set forth in the Declaration, RKC is not connected to the Debtor, creditors, any other party in interest as listed on the attached Exhibit A of the Declaration, their respective attorneys, accountants, United States Trustee, or any person employed in the office of the Untied United States Trustee, United States Bankruptcy Court for the Southern District of New York and are not connected or affiliated with Chief Judge Martin Glenn or any of the Chief Judge's staff members. As set forth in the Declaration, RKC does not hold or represent an interest adverse to the Debtor's bankruptcy estate.

15.    As set forth in the Declaration, RKC is "disinterested person" as that term is defined in Bankruptcy Code section 101(14) of the Bankruptcy Code in that LH&M: (a) is not a

4

creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2

years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

and (c) does not have an interest materially adverse to the interest of the Debtor's bankruptcy estate

or of any class of creditors or equity security holders, by reason of any direct or indirect

relationship to, connection with, or interest in the Debtor, or for any other reason.

16.     No prior application has been made to this or any other Court for the relief sought

herein.

**WHEREFORE**, the Trustee respectfully requests entry of the Order, pursuant to

Bankruptcy Code section 327(a) and Bankruptcy Rule 2014, approving the retention of RKC as

Financial Advisors to the Trustee effective as of the Retention Date of June 20, 2025.

Dated: June 25, 2025
      Wantagh, New York

                        **LAMONICA HERBST & MANISCALCO, LLP**
                        Proposed Counsel to Gregory Messer, Chapter 7 Trustee

                    By:    *s/ Jacqulyn S. Loftin*
                          Jacqulyn S. Loftin, Esq.
                          Partner
                          3305 Jerusalem Avenue, Suite 201
                          Wantagh, New York 11793
                          Telephone: 516.826.6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | : Chapter 7 |
|  | : |
| NOGIN COMMERCE, LLC | : Case No. 25-10810 (mg) |
|  | : |
| Debtor. | : |
|  | : |

### DECLARATION OF BRIAN RYNIKER IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF RK CONSULTANTS LLC AS FINANCIAL ADVISORS TO THE CHAPTER 7 TRUSTEE

BRIAN RYNIKER, pursuant to 28 U.S.C. §1746, certifies as follows:

1.      I am a Certified Public Accountant, licensed under the laws of the State of New York and I am a member of RK Consultants LLC ("RKC").  RKC is a boutique financial advisory service firm with office in Nassau County, New York.  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2.      This Declaration is submitted in support of the application ("Application") of Gregory Messer the Chapter 7 Trustee (the "Trustee"), in the above-captioned, chapter 7 cases of Nogin Commerce, LLC (the "Debtors"), for entry of an Order authorizing and approving the employment and retention of RKC as financial advisor to the Trustee effective to June 20, 2025. Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

3.      RKC possesses extensive knowledge and expertise in the areas of bankruptcy, financial and business management matters relevant to the Chapter 11 and 7 Cases. RKC is a distressed company financial service firm which uses independent professional consultants with specialties in areas ranging from finance to manufacturing, distribution, marketing and general

1

management. These professionals are seasoned professionals with significant experience in the field of restructuring and providing financial and operational guidance to companies in distressed situations.

4.      Prior to creating RKC, I spent over twenty (20) years working as a CPA in a major national accounting firm, where I was heavily involved in advising distressed companies, creditors to distressed companies and Chapter 11 and 7 Trustees of bankruptcy estates.

5.      This Affidavit is also submitted as the statement required pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6.      In accordance with Bankruptcy Rule 2014(a), RKC has performed an examination to determine whether it has any connection to the Debtor, the Debtor creditors, any other parties in interest, their respective attorneys and accountants, including chambers, members of chambers, and the Office of the United States Trustee (each a "Potential Party in Interest" and, collectively, the "Potential Parties in Interest").  RKC reviewed the docket in the Debtor cases to determine whether RKC had any connection to any Potential Party in Interest. Our review has indicated that RKC does not represent, and has not previously represented, any Potential Parties in Interest except as disclosed herein.

7.    To the best of my knowledge, after due inquiry, RKC does not hold or represent an interest adverse to the Debtor estates.

8.    RKC is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14): (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the estate or of any class of

2

creditors or equity security holders, by reason of any direct or indirect relationship to, connection

with, or interest in, the Debtor, or for any other reason.

9.    To the extent that I discover any facts bearing on the matters described herein during

the period of RKC's retention, I will supplement the information contained in this Declaration.

10.    The Trustee selected RKC to be his financial advisor on June 19, 2025 and RKC began

providing services to the Trustee on June 20, 2025.

11.    The services RKC will render to the Trustee include:

    a)    assisting the Trustee in marshaling and liquidating the Debtors' assets;

    b)    performing an investigation and analyses of potential claims and recoveries, including analyzing transactions with creditors, insiders, and related and/or affiliated companies, both subsequent and prior to the Debtor's commencement of his bankruptcy case;

    c)    attending meetings and conferences with the Chapter 7 Trustee, Debtor, creditors, and their respective attorneys and/or other professionals, as requested;

    d)    providing litigation support to the Chapter 7 Trustee in connection with litigation that might be commenced by the Chapter 7 Trustee, including litigation to avoid and recover assets of the estate or pursue claims, or other litigation in which the Chapter 7 Trustee is involved;

    e)    assisting in reconciling filed proofs of claim and scheduled claims against the Debtor's estate, as requested by the Chapter 7 Trustee;

    f)    performing services necessary to preserve and maximize the value of the assets of the Debtor's estate or to comply with applicable rules, as requested by the Chapter 7 Trustee; and

    g)    performing such other responsibilities as may be requested by the Chapter 7 Trustee.

12.    RKC is willing to serve as the Trustee's financial advisor and to receive compensation

on an hourly basis, subject to the approval of the Court and in compliance with 11 U.S.C. § 330,

Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, the United

States Trustee's Guidelines for Fees and Disbursements, and any such other procedures as may be

3

fixed by order of this Court for professional services rendered by RKC. The current[1] hourly rates charged for these services is a) myself at $500 per hour, (b) Mr. Karl Knechtel at the rate of $450 per hour and (c) Gerard D'Amato at the rate of $325 per hour. Travel time will be billed at fifty percent (50%) of the applicable hourly rate.

13.   Neither I, nor RKC, nor any associate thereof has received or been promised any compensation for services rendered or to be rendered in any capacity in connection with this case, other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York.

14.   No agreement or understanding exists between RKC and any other person for a division of compensation paid or to be paid for services rendered in this case and no such division shall be made.

WHEREFORE your deponent asks for an appropriate order approving the employment of RKC *effective as of* June 20, 2025.

s/ Brian Ryniker
Brian Ryniker, Member
RK Consultants LLC

---

[1] On August 1, 2025, RKC expects to increase rates; specifically myself to $550 per hour, (b) Mr. Karl Knechtel to a rate of $500 per hour and (c) Gerard D'Amato to a rate of $360 per hour.

## Exhibit A

**Debtor**

Nogin Commerce, LLC
15 West 38 Street, Suite 501
New York, NY 10018-5501

**Petitioners**

Jump Design Group, Inc.
230 W. 39 Street
New York, NY 10018-4411

Karen Kane, Inc.
2275 E. 37th Street
Vernon, CA 90058-1435

Michael Kane
2275 E. 37th Street
Vernon, CA 90058
*Karen Kane, Inc.'s Representative*

Rujo Boots Company LLC
4220 Gurley Ave.
Dallas, TX 75223-2816

S.K.I. Essential LLC
230 W. 38 Street
New York, NY 10018-5803

**Attorney for Petitioners**

S. Jason Teele, Esq.
SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, NY 10178

## Chambers

Honorable Chief Judge Martin Glenn
Courtroom Deputy: Deanna Anderson
Law Clerks:
Ella Epstein
Aileen Ramia
Helin Azizoglu

Judge Lisa G. Beckerman
Courtroom Deputy: Chantel Barrett
Law Clerks:
Patrick Morley
Austin Park
Taylor Fogg

Judge Philip Bentley
Courtroom Deputy: Greg White
Courtroom Deputy (for Chapter 13 matters):
Vanessa Ashmeade
Law Clerks:
Mira Haqqani
Brian McElroy
Helin Azizoglu

Judge James L. Garrity, Jr.
Courtroom Deputy: Willie Rodriguez
Law Clerks:
Zachary Sipala
Natasha Fisher
Yong Cui

Judge David S. Jones
Courtroom Deputy: Lynda Calderon
Law Clerks:
Kate Christensen
Vincent Puzak
Oyin Falana

Judge Sean H. Lane
Courtroom Deputy: Liza Ebanks
Law Clerks:
Christine Azzaro
Alana Lyman
Sean Johannsen

Judge John P. Mastando III
Courtroom Deputy: Maria Rodriguez-Castillo
Law Clerks:
Reema Lateef
William Schwartz
Jiawei Lin

Judge Cecelia G. Morris
Courtroom Deputy: Tracey Mercado
Divisional Manager: Frances Fredericks
Law Clerk: Tessa Ptucha

Judge Kyu Y. (Mike) Paek
Courtroom Deputy: Vanessa Ashmeade
Division Manager: Frances Fredericks
Law Clerks:
Graham Fisher
Bryan Garcia

Judge Michael E. Wiles
Courtroom Deputy: Jacqueline DePierola
Law Clerks:
Lorraine Echevarria
Alexandra Trombitas

## Office of the United States Trustee

William K. Harrington
Linda A. Rifkin
Mark Bruh
Amanda D. Cassara
Shara Cornell
Nadkarni Joseph
Mary V. Moroney
Alaba Ogunleye
Ilusion Rodriguez
Daniel Rudewicz
Andrea B. Schwartz
Paul K. Schwartzberg
Sylvester Sharp
Rachael E. Siegel
Tara Tiantian
Andy Velez-Rivera
Madeleine Vescovacci
Valentina Vlasova
Annie Wells
Greg M. Zipes

## Notices of Appearance

*None as of 6/24/2025*

## Creditors Filing Proofs of Claim

BB BRAND HOLDINGS LLC
240 Madison Avenue, 15th Floor
New York, NY 10016

BKST BRAND HOLDINGS LLC
240 Madison Avenue, 15th Floor
New York, NY 10016

HRLY BRAND HOLDINGS LLC
240 Madison Avenue, 15th Floor
New York, NY 10016

JUSTICE BRAND HOLDINGS LLC
240 Madison Avenue, 15th Floor
New York, NY 10016

S&S BRAND HOLDINGS LLC
240 Madison Avenue, 15th Floor
New York, NY 10016

**All Known Creditors:**

PH CAPITAL Fund I, LLC
*[Undeliverable Per Court Matrix]*

Jump Design Group, Inc.
230 W. 39 Street
New York, NY 10018-4411

Karen Kane, Inc.
2275 E. 37th Street
Vernon, CA 90058-1435

Rujo Boots Company LLC
4220 Gurley Ave.
Dallas, TX 75223-2816

S.K.I. Essential LLC
230 W. 38 Street
New York, NY 10018-5803

Anthony Sodono III
c/o McManimon, Scotland & Bauman, LLC
75 Livingston Avenue, Suite 201
Roseland, NJ 07068-3701

**Additional Taxing/Governmental Authorities**

John Cahill, Esq.
Regional Council for NY/NJ
U.S. Department of Housing
& Urban Development
26 Federal Plaza, Room 3500
New York, NY 10278

NYC Department of Finance
66 John Street, 2nd Floor, Room 104
New York, NY 10038

NYC Department of Finance
Office of Legal Affairs
375 Pearl Street, 30th Floor
New York, NY 10038

Unemployment Insurance Division
NYS Department of Labor
P.O. Box 1195
Albany, NY 12201

NYS Department of Taxation & Finance
Bankruptcy/Special Procedures Section
P.O. Box 5300
Albany, NY 12205-5300

Parking Violations Bureau
210 Joralemon Avenue
Brooklyn, NY  11201

U.S. Dept. of Health & Human Services
Office of the General Counsel
26 Federal Plaza, Room 3908
New York, NY 10278

U.S. Securities & Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

United States' Attorney's Office
Southern District of New York
Attn: Tax & Bankruptcy Unit
86 Chambers Street, Third Floor
New York, NY 10007

Robert Roberts, Office of Site Remediation
Enforcement, Office of Enforcement and
Compliance Assurance
U.S. ENVIRONMENTAL
PROTECTION AGENCY
1200 Pennsylvania Ave  N.W.
M/C 2272A, Room 5226D WJCS
Washington, D.C. 20004-2004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                                          Chapter 7

NOGIN COMMERCE, LLC,                                            Case No. 25-10810 (MG)

                        Debtor.
------------------------------------------------------------------x

### ORDER APPROVING THE RETENTION OF RK CONSULTANTS LLC AS
### FINANCIAL ADVISORS TO THE CHAPTER TRUSTEE

Upon the application ("Application")[1] of Gregory M. Messer,  solely in his capacity as the

Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Nogin Commerce, LLC ("Debtor"), by

his general counsel, LaMonica, Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant

to Bankruptcy Code section 327(a) and Bankruptcy Rule 2014, approving the retention of RK

Consultants LLC ("RKC") as his Financial Advisors effective as of retention date of the Retention

Date of June 20, 2025; and upon the Declaration of Brian Ryniker,  on behalf of RKC, which is

attached to the Application; and no objections having been filed or received by the Trustee on or

before the Objection Deadline of July 14, 2025, or at any time thereafter; and upon the Application

and this Order having been presented to the Court for consideration on July 21, 2025; and the

Court being satisfied that: (i) RKC neither represents nor holds any interest adverse to the Trustee

or to the Debtor's estate; (ii) RKC is a "disinterested person" as that term is defined in Bankruptcy

Code section 101(14); and (iii) the retention of RKC is necessary and would be in the best interest

of the Debtor's estate; it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and, it is further

---

[1] Capitalized terms not defined herein shall have the definitions ascribed to them in the Application or Notice.

**ORDERED**, that in accordance with Bankruptcy Code section 327(a), the retention of RKC as his Financial Advisors effective as of the Retention Date of June 20, 2025; and, it is further,

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and, it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and, it is further

**ORDERED**, that the Firm shall be compensated in accordance with, and will file a final fee application for allowance of its compensation and expenses and shall be subject to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and applicable law; and, it is further

**ORDERED**, that the Trustee is authorized and empowered to expend only such funds and execute and deliver any and all documents as are reasonably necessary to implement the terms of this Order; and, it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: July ___, 2025
        New York, New York

_____
Chief Judge Martin Glenn
United States Bankruptcy Judge

NO OBJECTION:

William K. Harrington
United States Trustee for Region 2

By: _____
        Daniel Rudewicz, Esq.
        Trial Attorney