UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                                                                    Chapter 7

NOGIN COMMERCE, LLC,                                           Case No. 25-10810 (MG)

           Debtor.
------------------------------------------------------------------x

### ORDER APPROVING THE RETENTION OF RK CONSULTANTS LLC AS FINANCIAL ADVISORS TO THE CHAPTER TRUSTEE

Upon the application ("Application")[1] of Gregory M. Messer, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Nogin Commerce, LLC ("Debtor"), by his general counsel, LaMonica, Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to Bankruptcy Code section 327(a) and Bankruptcy Rule 2014, approving the retention of RK Consultants LLC ("RKC") as his Financial Advisors effective as of retention date of the Retention Date of June 20, 2025; and upon the Declaration of Brian Ryniker, on behalf of RKC, which is attached to the Application; and no objections having been filed or received by the Trustee on or before the Objection Deadline of July 14, 2025, or at any time thereafter; and upon the Application and this Order having been presented to the Court for consideration on July 21, 2025; and the Court being satisfied that: (i) RKC neither represents nor holds any interest adverse to the Trustee or to the Debtor's estate; (ii) RKC is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14); and (iii) the retention of RKC is necessary and would be in the best interest of the Debtor's estate; it is hereby

      **ORDERED**, that the Application is granted to the extent provided herein; and, it is further

---

[1] Capitalized terms not defined herein shall have the definitions ascribed to them in the Application or Notice.

**ORDERED**, that in accordance with Bankruptcy Code section 327(a), the retention of RKC as his Financial Advisors effective as of the Retention Date of June 20, 2025; and, it is further,

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and, it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and, it is further

**ORDERED**, that the Firm shall be compensated in accordance with, and will file a final fee application for allowance of its compensation and expenses and shall be subject to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and applicable law; and, it is further

**ORDERED**, that the Trustee is authorized and empowered to expend only such funds and execute and deliver any and all documents as are reasonably necessary to implement the terms of this Order; and, it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: July 23, 2025
     New York, New York

                                                     **/s/Martin Glenn**
                                                      Chief Judge Martin Glenn
                                                 United States Bankruptcy Judge

NO OBJECTION:

William K. Harrington
United States Trustee for Region 2

By:    *s/Daniel Rudewicz*
       Daniel Rudewicz, Esq.
       Trial Attorney